UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PERCY M. TAYLOR                                                                CIVIL ACTION

VERSUS                                                                                  NO. 08-4723

STATE OF LOUISIANA                                                         SECTION "K"

ORDER AND OPINION

Before the Court is Percy Taylor's *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Having reviewed the pleadings, memoranda, the state court record, and relevant law, it is clear that the movant is not entitled to relief. As such, the petition shall be DISMISSED with prejudice, and judgment shall be entered accordingly.

I.   BACKGROUND

Petitioner Percy Taylor is currently serving a twenty-year prison sentence for distribution of counterfeit cocaine. The trial court originally sentenced Taylor to three years of hard labor, but later enhanced that sentence after the State filed a bill of information alleging Taylor was a fourth-felony offender. Taylor filed a Uniform Application for Post-Conviction Relief claiming his trial counsel was ineffective, challenging the use of an allegedly unconstitutional prior conviction to enhance his sentence, and seeking error patent review. After the state district court denied the application, Taylor sought review by the state appellate and supreme courts. Both petitions were denied.

## II.  LAW AND ANALYSIS

Taylor's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA requires that federal courts defer to a state court's adjudication of a claim if the claim has been adjudicated on the merits in the state court proceedings unless the state court decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to" federal precedent if it applies a rule that contradicts the governing law set forth by the Supreme Court or if it involves a set of facts that are materially indistinguishable from a Supreme Court decision but reaches a result different from that Court's precedent. *Woodward v. Epps*, 580 F.3d 318, 325 (5th Cir. 2009). "A state court unreasonably applies clearly established federal law as determined by the Supreme Court if it identifies the correct governing principle established by the Supreme Court, but unreasonably applies that principle to the facts of the case." *Rogers v. Quarterman*, 555 F.3d 483, 488-89 (5th Cir. 2009).

### A.  *Exhaustion of State Court Remedies*

A federal court may not grant habeas relief unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the prisoner "have fairly presented the substance of his claim to the state courts." *Nobles v. Johnson*, 127 F.3d 409, 419 (5th Cir.1997). "Determining whether a petitioner exhausted his

claim in state court is a case- and fact-specific inquiry." *Moore v. Quarterman*, 533 F.3d 338, 341 (5th Cir. 2008).

In this case, the State claims Taylor has failed to exhaust his remedies with respect to the ineffective assistance of counsel claim, which is based on counsel's failure to object to the multiple offender bill. Specifically, the State argues that Talyor's application to the state district court alleged only that counsel failed to raise certain defenses, and that Taylor raised the failure-to-object issue for the first time in his writ to the state supreme court. Because the Louisiana Supreme Court lacks jurisdiction over claims not properly raised in the district court, the State contends Taylor's ineffective assistance claim has not been fairly presented to the state's high court.

Upon review of the record, however, it is clear the State's argument lacks merit. Taylor's Uniform Application for Post-Conviction Relief to the state district court unmistakably asserts two distinct ineffective assistance of counsel claims, including his current failure-to-object claim. *See* Rec. Doc. 28 at 8-9.[1] In Claim I of the Uniform Application, Taylor contends that counsel was ineffective for abandoning his only two defenses; in Claim II, he asserts that counsel was ineffective for failing to object to the multiple offender bill. *Id*.[2] That the state district court did not specifically address counsel's performance with respect to the multiple offender bill does

---

[1] Rec. Doc. 28 is Taylor's second traverse to the State's response memo. Attached to the traverse is a copy of Taylor's Uniform Application for Post-Conviction Relief, which he submitted to the state district court. The Uniform Application begins on page 4 of Rec. Doc. 28. Claims I and II are located on pages 8 and 9 of Rec. Doc. 28 (or pages 5 and 6 of the Uniform Application itself).

[2] Specifically, in Claim I, Taylor asserted ineffective assistance of counsel because "[m]y Attorney abandoned both my only two Defense (1) not guilty by reason of Insanity or the (2) entrapment defense." Rec. Doc. 28 at 8 (page 5 of the Uniform Application). With respect to Claim II, "Ineffective Assistance at Muilty-Bill [*sic*] proceeding/sentence," Talyor stated "[c]ounsel refuse to motion the court for an order . . . to obtain the evidence that possibly could have shown that Petitioner was not properly Boykinized when allowing the D.A. to use these prior convictions to have Petitioner Sentense [*sic*] enhanced." Rec. Doc. 28 at 9 (page 6 of the Uniform Application).

not mean Taylor failed to raise the claim. Because Taylor presented his current ineffective assistance argument to the state district, appellate, and supreme courts, he has satisfied his duty to exhaust all state court remedies. *Nobles*, 127 F.3d at 419.

### B.     *Ineffective Assistance of Counsel*

To prevail on a claim for ineffective assistance of counsel, a defendant must establish (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). The first prong requires a defendant to prove his counsel's representation fell below an objective standard of reasonableness. *Id*. at 688. The Court must indulge a strong presumption that counsel's strategic decisions fall within the wide range of objectively reasonable professional assistance. *Moore v. Johnson*, 194 F.3d 586, 591 (5th Cir. 1999). As to the second prong, if counsel's performance was deficient, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

The crux of Taylor's ineffective assistance claim is that, during the habitual offender proceedings, counsel failed to object to the State's use of his 1989 heroin conviction, which he contends was unconstitutional because of an invalid guilty plea. Taylor is mistaken is this regard. Indeed, the record indicates that counsel filed an opposition in which he objected to use of the 1989 conviction on numerous grounds, including that Taylor's plea was not knowing and voluntary under *Boykin v. Alabama*, 385 U.S. 238 (1969). Rec. Doc. 1 at 22-29. Taylor is

4

therefore unable to show that counsel's performance was deficient. Accordingly, there is no need to consider whether counsel's performance prejudiced him in any way. Under *Strickland*, if a defendant makes an insufficient showing as to either prong of the test, the court may dispose of his claim without reaching the other prong. *Strickland*, 466 U.S. at 697.

        C.      *Unconstitutional Prior Conviction*

Taylor also claims that the trial court should not have enhanced his sentence based on the 1989 heroin conviction, which he feels was unconstitutional due to an invalid guilty plea. However, the State correctly points out that Taylor cannot attack his current sentence on those grounds. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. . . . If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-04, 121 S.Ct. 1567 (2001). The one exception to the *Lackawana* rule is that a petitioner may challenge enhancement if the prior conviction was obtained in a case where the court failed to appoint Sixth Amendment counsel. *Id.* at 404. That exception does not apply here, as the trial court record clearly shows that defense counsel was present when Taylor pleaded guilty. *See* Rec. Doc. 8-1 at 1, 5.

### D.     *Error Patent Review*

Finally, Taylor requests to have the record reviewed for error patent. However, such review is not available in § 2254 proceedings, as "[a] federal court's role in a habeas attack on a state court conviction is only to review for errors of constitutional magnitude." *Sawyer v. Butler*, 881 F.2d 1273, 1288 (5th Cir. 1989). "A request for error patent review fails to present a question of constitutional dimension." *Serio v. Stalder*, 2003 WL 22384931 at *6 (E.D. La. 2003).

### III.    CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that the petition of Percy M. Taylor is **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this 24th day of October, 2011.

　　　　　　　　　　　　　　　　　　　　**STANWOOD R. DUVAL, JR.**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**